IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LESLIE LEFF AND MEI LI LEFF, | CIVIL NO. 15-00176 HG-RLP |
| Plaintiffs, | FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART |
| vs. | PLAINTIFF LESLIE AND MEI LI LEFF'S MOTION FOR DEFAULT |
| BERTOZZI FELICE DI GIOVANNI ROVAI & C. SRL; JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10; DOE PARTNERSHIPS 1-10; OTHER ENTITIES 1-10, | JUDGMENT AGAINST DEFENDANT BERTOZZI FELICE DI GIOVANNI ROVAI & C. SRL |
| Defendants. | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART
PLAINTIFF LESLIE AND MEI LI LEFF'S MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANT BERTOZZI FELICE DI GIOVANNI ROVAI & C. SRL[1]

Before the Court is Plaintiff Leslie and Mei Li Leff's
Motion for Default Judgment Against Defendant Bertozzi Felice di
Giovanni Rovai & C. srl, filed on October 29, 2015 ("Motion").
ECF No. 22.  Plaintiffs mailed a copy of the Motion to
Defendant's place of business in Pietrasanta, Lucca, Italy.  See
ECF No. 22-30.  Defendant did not file a response to the Motion
or otherwise appear.  The Court found the Motion suitable for
disposition without a hearing pursuant to Rule 7.2(d) of the

---

[1] Within fourteen days after a party is served with a copy
of the Findings and Recommendation, that party may, pursuant to
28 U.S.C. § 636(b)(1), file written objections in the United
States District Court.  A party must file any objections within
the fourteen-day period allowed if that party wants to have
appellate review of the Findings and Recommendation.  If no
objections are filed, no appellate review will be allowed.

Local Rules of Practice of the United States District Court for the District of Hawaii.  ECF No. 23.  After careful consideration of the Motion, the declarations, exhibits, and the record established in this action, the Court FINDS and RECOMMENDS that the Motion be GRANTED IN PART and DENIED IN PART.

<u>BACKGROUND</u>

Plaintiffs are residents of Honolulu and citizens of Hawaii.  Complaint, ECF No. 1 ¶ 1.  Defendant is an Italian corporation with its principal place of business in Pietrasanta, Lucca, Italy.  <u>Id.</u> ¶ 2.  Defendant is engaged in the business of fabricating and supplying Italian marble, stone, and granite. <u>Id.</u> ¶ 9.  In June 2011, Plaintiffs contracted with Armstrong Builders, LLC to construct a house on the property located at 420 Puuikena Drive, Honolulu, Hawaii.  <u>Id.</u> ¶¶ 6-7.  Subsequently, Plaintiffs entered into discussions with Defendant regarding the purchase of travertine pieces for the house.  <u>Id.</u> ¶ 10.  Mauro Rovai, on behalf of Defendant, traveled to Hawaii to meet with Plaintiffs and view the construction site.  <u>Id.</u> ¶ 11.  The record does not indicate when Mr. Rovai traveled to Hawaii, only that he did so prior to Plaintiffs entering into an agreement with Defendant.  <u>Id.</u> ¶¶ 11-15.  During the meeting, Mr. Rovai represented to Plaintiffs that travertine purchased from Defendant would be particularly easy to install and that only ten percent of the pieces would need to be cut on-site.  <u>Id.</u> ¶ 14.

2

On April 3, 2013, Defendant approved a timeline provided by Plaintiffs' general contractor indicating the time periods for development, fabrication, and shipment of the travertine.  Id. ¶¶ 17-18.  Around April 23, 2013, Plaintiffs executed an agreement with Defendant for Defendant to fabricate and supply travertine for use in the construction of Plaintiffs' residence.  See id. ¶¶ 8-21.  Thereafter, Defendant did not meet deadlines and provided travertine that was not consistent with Defendant's representations or contractual obligations, resulting in delays in construction and additional costs to Plaintiffs.  Id. ¶¶ 22-35.

Plaintiffs filed their Complaint against Defendant on May 13, 2015, asserting claims for breach of contract, breach of covenant of good faith and fair dealing, breach of express warranty under Article 2 of the Uniform Commercial Code ("UCC"), negligent misrepresentation, and non-disclosure.  See id. ¶¶ 36-63.  Plaintiffs served Defendant with a copy of the Summons and Complaint on July 28, 2015, through Italy's designated Central Authority and also sent a copy to Defendant through FedEx.  See ECF No. 22 at 13.  Defendant did not answer or respond to the Complaint.  The Clerk entered default against Defendant pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on September 1, 2015.  ECF No. 18.  The present Motion followed.

ANALYSIS

Default judgment may be entered for the plaintiff if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]" Fed. R. Civ. P. 55(b)(1), (2). The granting or denial of a motion for default judgment is within the discretion of the court. Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986). Entry of default does not entitle the non-defaulting party to a default judgment as a matter of right. Valley Oak Credit Union v. Villegas, 132 B.R. 742, 746 (9th Cir. 1991). Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible. Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986). The court should consider the following factors in deciding whether to grant a motion for default judgment:

    (1)   the possibility of prejudice to the plaintiff;

    (2)   the merits of plaintiff's substantive claim;

    (3)   the sufficiency of the complaint;

    (4)   the sum of money at stake in the action;

    (5)   the possibility of a dispute concerning material facts;

    (6)   whether the default was due to excusable neglect; and

    (7)   the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

4

Id. at 1471-72.

On default "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). The allegations in the complaint regarding liability are deemed true, but the plaintiff must establish the relief to which it is entitled. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

### A. Jurisdiction

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether or not it has subject matter jurisdiction over this action and personal jurisdiction over Defendant. See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place.").

1.   **Subject Matter Jurisdiction**

Plaintiffs are residents of Honolulu, Hawaii; Defendant is an Italian corporation with its principal place of business in Italy.  ECF No. 1 ¶¶ 1, 2.  Because Plaintiffs are citizens of Hawaii and Defendant is a citizen of a foreign state and the amount in controversy exceeds $75,000.00, this Court has diversity jurisdiction over this matter.  See 28 U.S.C. § 1332(a)(2).

2.   **Personal Jurisdiction**

Personal jurisdiction is proper if it is consistent with Hawaii's long-arm statute and it comports with due process of law.  Boschetto v. Hansing, 539 F.3d 1011, 1021–22 (9th Cir. 2008).  Because Hawaii's long-arm statute reaches to the full extent permitted by the United States Constitution, the Court need only determine whether due process permits the exercise of personal jurisdiction.  Television Events & Mktg., Inc. v. Amcon Distrib. Co., 416 F. Supp. 2d 948, 958 (D. Haw. 2006) (citing Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800–01 (9th Cir.2004)); Haw. Rev. Stat. § 634–35.

For due process to be satisfied, a defendant must have "minimum contacts" with the forum state such that the assertion of jurisdiction "does not offend traditional notions of fair play and substantial justice." Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1155 (9th Cir. 2006) (citing Int'l Shoe Co. v. Wash., 326

6

U.S. 310, 315 (1945)).  Here, the Court must determine whether it has specific jurisdiction over Defendant.  Specific jurisdiction exists if (a) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum; (b) the claim arises out of or results from the defendant's forum related activities; and (c) the exercise of jurisdiction is reasonable.  Boschetto, 539 F.3d at 1021.  This analysis varies depending on the nature of the claim at issue.  For tort claims, courts apply a "purposeful direction" test, which examines whether a defendant directed its actions at the forum state, even if the actions took place elsewhere.  See Picot v. Weston, 780 F.3d 1206, 1214 (9th Cir. 2015).  For contract claims, courts generally ask whether a defendant has "purposefully avail[ed] [itself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."  Schwarzenegger, 374 F.3d at 802 (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)).  Because the claims in this action share a "common nucleus of operative fact," if personal jurisdiction exists under either test the Court may assert pendent personal jurisdiction over the remaining claims.  See CE Distrib., LLC v. New Sensor Corp., 380 F.3d 1107, 1113 (9th Cir. 2004) ("under the doctrine of pendent personal jurisdiction, a defendant may be required to defend a claim for

7

which there is no independent basis of personal jurisdiction so
long as it arises out of a common nucleus of operative facts with
a claim in the same suit over which the court does have personal
jurisdiction.") (quotations omitted).  Here, the Court finds that
personal jurisdiction exists for Plaintiffs' negligent
misrepresentation claim under the purposeful direction test and
therefore finds that exercising pendent personal jurisdiction
over Plaintiffs' other claims is appropriate.

### a.  Purposeful Direction

First, the Court must determine whether Defendant
purposefully directed its actions at the forum state.  A
defendant purposefully directs its activities at the forum if it:
(1) commits an intentional act, (2) expressly aimed at the forum
state, (3) causing harm that the defendant knows is likely to be
suffered in the forum state.  <u>Picot</u>, 780 F.3d at 1214 (citing
<u>Schwarzenegger</u>, 374 F.3d at 803).  It is not required that a
defendant have physical contacts with the forum, so long as its
efforts are "purposefully directed" toward forum residents.
<u>Panavision Int'l, L.P. v. Toeppen</u>, 141 F.3d 1316, 1320 (9th Cir.
1998).

The first prong of the purposeful direction test asks
whether Defendant committed an intentional act.  "The meaning of
the term 'intentional act' in our jurisdictional analysis is
essentially the same as in the context of intentional torts;

namely, the defendant must act with the 'intent to perform an actual, physical act in the real world.'" Picot, 780 F.3d at 1214 (quoting Schwarzenegger, 374 F.3d at 806). Here, Defendant committed an intentional act when Mr. Rovai, on behalf of Defendant, made representations to Plaintiffs regarding Defendant's products. See ECF No. 1 ¶ 14. Therefore, the first prong is satisfied. See Picot, 780 F.3d at 1214 (finding that defendant committed an intentional act when he spoke with another party regarding the plaintiffs).

The second prong "asks whether the defendant's allegedly tortious action was expressly aimed at the forum." Picot, 780 F.3d at 1214 (quotations omitted). This analysis depends on the specific conduct at issue. Id. Here, the wrongful conduct at issue is negligent misrepresentation. ECF No. 1 ¶ 51. Mr. Rovai traveled to Hawaii in order to meet with Plaintiffs and to observe the construction site. Id. ¶ 11. Mr. Rovai made representations to Plaintiffs, who are residents of Hawaii, regarding the materials to be used in the construction of their house in Hawaii. Id. ¶¶ 1, 14. The Court finds that this conduct was aimed at the forum state because it occurred in the forum, was directed at forum residents, and regarded activities taking place in forum. Therefore, the second prong is satisfied.

The third prong asks whether Defendant's conduct caused harm it knew would be suffered in the forum state. Here,

Defendant was in discussions with Plaintiffs regarding supplying travertine for their home in Hawaii prior to the meeting at which Mr. Rovai made the representations about Defendant's products. Id. ¶¶ 10-11. Further, Mr. Rovai made the representations while visiting Hawaii as part of Defendant's negotiations with Plaintiffs. Id. ¶ 14. Defendant knew or should have known that any harm suffered as a result of its representations to Plaintiffs would be suffered in Hawaii, the forum state. Thus, the third prong is satisfied. Having found that all three prongs of the "purposeful direction" test have been met, the Court finds that Defendant's conduct was purposefully directed at the forum state and the first requirement for personal jurisdiction is met.

### b.    Claims Arise Out of Forum-Related Activities

Second, for specific jurisdiction, the claim asserted in the litigation must arise out of the defendant's forum-related activities. Panavision, Int'l, 141 F.3d at 1322 (citing Ziegler v. Indian River Cnty., 64 F.3d 470, 474 (1995)). Plaintiff must show that it would not have been injured "but for" Defendant's conduct directed toward forum. Id.

Here, as noted above, Defendant's conduct involved making representations about its products and its ability to provide them by certain dates. These representations were made to Hawaii residents regarding travertine to be used in the construction of a house in Hawaii. Plaintiffs relied on these

10

representations when deciding to purchase the travertine from Defendant.  ECF No. 1 ¶¶ 15, 16.  If not for Defendant's conduct, Plaintiffs would not have incurred the additional costs associated with installing the travertine supplied by Defendant. Accordingly, the Court concludes that the second requirement for specific personal jurisdiction is met.

### c.  Reasonableness of Exercise of Jurisdiction

Finally, to satisfy due process, the exercise of personal jurisdiction must be reasonable.  Id. (citing Ziegler, 64 F.3d at 474-75).  For jurisdiction to be reasonable, it must comport with "fair play and substantial justice."  Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476-77 (1985)).

To determine reasonableness, the Court must balance seven factors:  (1) the extent of a defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum.  Core-Vent Corp., 11 F.3d at 1487-88 (citing Paccar Int'l, Inc. v. Commercial Bank of Kuwait, S.A.K., 757 F.2d 1058, 1065 (9th Cir. 1985)).  Here, the Court finds that these factors weigh

in favor of finding that the exercise of jurisdiction over
Defendant comports with notions of fair play and substantial
justice.

First, the degree of Defendant's interjection weighs in
favor of finding jurisdiction.  As discussed above, Defendant's
acts were aimed at Plaintiffs in Hawaii and involved
representations regarding the travertine to be used in the
construction of a house in Hawaii.  See ECF No. 1 ¶¶ 11-14.
Defendant made these representations knowing that any harm that
would come as a result of the representations would be suffered in
Hawaii.  As a result, the first factor weighs in favor of
reasonableness.

Second, the burden on Defendant, a citizen of Italy, to
litigate in Hawaii is significant; however, the inconvenience is
not so great as to deprive Defendant of due process, particularly
given Defendant's purposeful direction of tortious conduct at the
forum.  See Panavision Int'l, 141 F.3d at 1323 (quoting Caruth v.
Int'l Psychoanalytical Ass'n, 59 F.3d 126, 128-29 (9th Cir. 1995)
("A defendant's burden in litigating in the forum is a factor in
the assessment of reasonableness, but unless the 'inconvenience is
so great as to constitute a deprivation of due process, it will
not overcome clear justifications for the exercise of
jurisdiction.'")).

Third, the sovereignty factor concerns the extent to

12

which the court's exercise of jurisdiction in Hawaii would conflict with the sovereignty of Italy.  See Core-Vent Corp., 11 F.3d at 1489.  "[L]itigation against an alien defendant creates a higher jurisdictional barrier than litigation against a citizen from a sister state because important sovereignty concerns exist." Sinatra v. Nat'l Enquirer, 854 F.2d 1191, 1199 (9th Cir. 1988). Although this factor weighs in Defendant's favor, it is not controlling.  See Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1133 (9th Cir. 2003).

Fourth, Hawaii has a "strong interest in providing an effective means of redress for its residents who are tortiously injured." Resnick v. Rowe, 283 F. Supp. 2d 1128, 1141 (D. Haw. 2003) (quoting Miracle v. N.Y.P. Holdings, Inc., 87 F. Supp. 2d 1060, 1070 (D. Haw. 2000)).  Because Plaintiffs are citizens of Hawaii, this factor weighs in favor of reasonableness.

Fifth, consideration of the most efficient judicial resolution is "no longer weighted heavily given the modern advances in communication and transportation." Panavision Int'l, 141 F.3d at 1323 (citing Caruth, 59 F.3d at 129).  Because witnesses and evidence are located in both Hawaii and Italy, this factor is neutral.

Sixth, although it would be more costly and inconvenient for Plaintiffs to litigate in another forum, this factor is given little weight.  See id. at 1324 ("In evaluating the convenience

13

and effectiveness of relief for the plaintiff, we have given little weight to the plaintiff's inconvenience." (citing <u>Ziegler</u>, 64 F.3d at 476)).

Seventh, Plaintiffs have not demonstrated the unavailability of an alternative forum. <u>See</u> <u>id.</u> However, because Defendant has not come forward to request an alternative forum, this factor is neutral.

Balancing these seven factors, the Court concludes that the exercise of specific personal jurisdiction over Defendant is reasonable. Having found that the exercise of specific personal jurisdiction over Defendant is reasonable with regard to Plaintiffs' negligent misrepresentation claim, the Court finds that exercising pendent personal jurisdiction over the rest of Plaintiffs' claims is appropriate. <u>See</u> <u>CE Distrib.</u>, 380 F.3d at 1113.

## B.   <u>Eitel</u> Factors

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate under the <u>Eitel</u> factors outlined above.

### 1.   The Possibility of Prejudice to Plaintiff

The first factor considers whether Plaintiffs would suffer prejudice if default judgment is not entered. <u>See</u> <u>PepsiCo, Inc. v. Cal. Sec. Cans</u>, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Here, absent entry of default judgment, Plaintiffs would

14

be without another recourse for recovery.  Accordingly, the first Eitel factor favors default judgment.

### 2.   Merits of Plaintiff's Substantive Claims

As noted above, for purposes of liability the factual allegations in the complaint are taken as true on default.  See TeleVideo Sys., Inc., 826 F.2d at 917-18; Fair Hous. of Marin, 285 F.3d at 906.  Here, Plaintiffs seek default judgment against Defendant for their claims for breach of contract, breach of covenant of good faith and fair dealing, breach of express warranty, negligent misrepresentation, and non-disclosure.  See ECF No. 22; ECF No. 1 ¶¶ 36-63.

### a.   Breach of Contract

To state a claim for breach of contract, a plaintiff must plead:  "(1) the contract at issue; (2) the parties to the contract; (3) whether plaintiff performed under the contract; (4) the particular provision of the contract allegedly violated by [d]efendant; and (5) when and how [d]efendant allegedly breached the contract."  Ill. Nat'l Ins. Co. v. Nordic PCL Constr., Inc., 870 F. Supp. 2d 1015, 1034-35 (D. Haw. Apr. 26, 2012) (quoting Honold v. Deutsche Bank Nat'l Trust Co., Civ. No. 10-00625 JMS-BMK, 2010 WL 5174383, *3 (D. Haw. Dec. 15, 2010)).

Plaintiffs assert that the contract at issue in this action was for the fabrication and supply of approximately 14,064 square feet of travertine for use in the construction of their

15

house.  ECF No. 1 ¶ 19; see also ECF No. 22-7.  Plaintiffs assert

that the parties to the contract were themselves and the

Defendant.  See ECF No. 1 ¶ 19.  Plaintiffs allege that they had

either performed or were ready, willing, and able to perform their

obligations under the contract.  Id. ¶ 38.  Plaintiffs further

allege that Defendant violated the contract by failing to provide

goods that conformed to the requirements of the contract within

the time periods required by the contract.  Id. ¶ 39.  While

Plaintiffs do not expressly indicate exactly what provisions were

violated by the Defendant, Plaintiffs have sufficiently pled more

than generalized allegations of contractual breach.  Finally,

Plaintiffs allege that Defendant's violations took place between

May 2013 and December 2013.  See ECF No. 1 ¶¶ 33-34 (discussing

the precise dates of Defendant's delayed shipments).  The Court

finds that Plaintiffs have alleged sufficient facts to establish

their claim for breach of contract.

> **b.   Breach of Covenant of Good Faith and Fair Dealing**

Under Hawaii law, "every contract contains an implied

covenant of good faith and fair dealing that neither party will do

anything that will deprive the other of the benefits of the

agreement."  Best Place, Inc. v. Penn Am. Ins. Co., 920 P.2d 334,

337-38 (Haw. 1996).  Here, Plaintiffs have alleged that Defendant

breached this duty through its misrepresentations to Plaintiffs,

its failure to meet deadlines, and its failure to provide

16

travertine in conformity with the requirements of the parties'
contract.  <u>See</u> ECF No. 1 ¶¶ 22-34, 43.  Plaintiffs allege that
this conduct caused them to incur additional expenses and delays
in the construction of their house.  <u>Id.</u>  As a result of
Defendant's conduct, Plaintiffs were deprived of the benefits of
their agreement.  The Court finds that Plaintiffs have alleged
sufficient facts to establish their claim for breach of covenant
of good faith and fair dealing.

### c.   Breach of Express Warranty

In a breach of express warranty claim, the plaintiff
must prove that (1) the defendant made an affirmation of fact or
promise regarding the product, (2) that statement became part of
the basis of the bargain, and (3) the product failed to perform
according to the statement.  <u>See</u> <u>Neilsen v. Am. Honda Motor Co.,
Inc.</u>, 989 P.2d 264, 274-275 (Haw. Ct. App. Sept. 30, 1999); <u>see
also</u> Haw. Rev. Stat. § 490:2-313.  "[A] seller's statements to a
buyer regarding goods sold, made during the bargaining process,
are presumptively part of the basis of the bargain between the
seller and buyer." <u>Torres v. Northwest Eng'q Co.</u>, 949 P.2d 1004,
1015 (Haw. Ct. App. Nov. 25, 1997).  Here, Plaintiffs assert that
during discussions prior to their agreement, Defendant made
affirmations of fact regarding its ability to supply travertine
that conformed to Plaintiffs' design requirements.  ECF No. 1 ¶
13-18, 48.  These affirmations of fact became part of the basis of

the bargain.  See Torres, 949 P.2d at 1015.  Plaintiffs further allege that Defendant failed to supply travertine that was consistent with Defendant's affirmations.  ECF No. 1 ¶ 22.  The Court therefore finds that Plaintiffs have alleged sufficient facts establish their claim for breach of express warranty.

### d.   Negligent Misrepresentation

Under Hawaii law, a "plaintiff claiming negligent misrepresentation must show that: '(1) false information [is] supplied as a result of the failure to exercise reasonable care or competence in communicating the information; (2) the person for whose benefit the information is supplied suffered the loss; and (3) the recipient relies upon the misrepresentation.'"  Honolulu Disposal Serv., Inc. v. Am. Benefit Plan Adm'rs, Inc., 433 F. Supp. 2d 1181, 1186-87 (D. Haw. Apr. 20, 2006) (citations omitted).  Plaintiffs assert that Defendant made false representations to Plaintiffs regarding its ability to provide travertine consistent with Plaintiffs' design requirements.  See ECF No. 1 ¶¶ 13-14.  Plaintiffs assert that Mr. Rovai, on behalf of Defendant, made these representations carelessly and negligently, with no reasonable grounds to believe that they were true.  See id. ¶¶ 54-55.  Plaintiffs allege that Defendant made these representations in order to induce Plaintiffs to rely upon them.  Id. ¶ 56.  Finally, Plaintiffs allege that, as a result of their reliance on Defendant's representations, they suffered

18

delays and incurred additional costs.  See ECF No. 1 ¶¶ 57-58.

The Court finds that Plaintiffs have alleged sufficient facts to

establish their claim for negligent misrepresentation.

### e.   Non-Disclosure

To state a claim for non-disclosure, a plaintiff must

allege that the defendant was under a duty to exercise reasonable

care to disclose, before a business transaction was consummated,

facts it knew may justifiably induce the plaintiff to act or

refrain from acting where the facts involve:

> {F}acts basic to the transaction, if
> [defendant] knows that the [plaintiff] is
> about to enter into it under a mistake as to
> them, and that the [plaintiff], because of
> the relationship between them, the customs of
> the trade or other objective circumstances,
> would reasonably expect a disclosure of those
> facts.

Restatement (Second) of Torts § 551(2)(e); See Sung v. Hamilton,

710 F. Supp. 2d 1036, 1047 (D. Haw. Apr. 30, 2010) (stating that

Hawaii follows the Restatement (Second) of Torts with regard to

liability for non-disclosure).

Plaintiffs allege that Defendant failed to disclose to

Plaintiffs that its representations regarding its ability to

supply travertine consistent with Plaintiffs' design requirements

and deadlines were not achievable.  ECF No. 1 ¶ 60.  Plaintiffs

further allege that Defendant knew or should have known it owed a

duty to disclose this information to Plaintiffs and that

19

Plaintiffs reasonably expected such a disclosure.  Id. ¶¶ 60-62.
Based on Plaintiffs' assertions, the Court finds that Plaintiffs
have alleged sufficient facts to establish a claim for non-
disclosure under Section 551.

The allegations in the Complaint, taken as true, are
sufficient to establish Plaintiffs' claims for breach of contract,
breach of covenant of good faith and fair dealing, breach of
express warranty, negligent misrepresentation, and non-disclosure.
Having considered each of Plaintiffs' claims, the Court finds that
this factor weighs in favor of default judgment.

### 3.   Sufficiency of the Complaint

The allegations in the Complaint are sufficiently pled
and supported by the documents filed with the Motion.  The Court
finds that the sufficiency of the Complaint weighs in favor of
default judgment.

### 4.   Sum of Money at Stake

The Court "must consider the amount of money at stake in
relation to the seriousness of Defendant's conduct."  PepsiCo,
Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472).
Plaintiffs seek damages against Defendant in the amount of
$255,966.17.  See ECF No. 22-1 at 32-35.  Additionally, Plaintiffs
seek $28,139.26 in attorneys' fees and $2,137.55 in costs.  See
ECF No. 22-1 at 35-37.  Given the costs incurred by Plaintiffs as
a result of Defendant's breach of contract, the Court finds that

Plaintiffs' damages request is tailored to Defendant's specific wrongful conduct.  Therefore, the Court finds that this factor weighs in favor of default judgment.

### 5.   Possibility of Dispute Concerning Material Facts

As noted above, the well-pled factual allegations of the Complaint, except those relating to the amount of damages, will be taken as true.  <u>TeleVideo Sys., Inc.</u>, 826 F.2d at 917-18. Defendant has been given a fair opportunity to defend this action; Defendant has not done so.  Because no dispute has been raised regarding Plaintiffs' material factual allegations, this factor favors default judgment.

### 6.   Whether Default was Due to Excusable Neglect

The Court finds that Defendant's default was not the result of excusable neglect.  Defendant failed to defend this action and default was entered against it.  <u>See</u> ECF No. 18.  The record suggests that Defendant's default was not the result of any excusable neglect, but rather due to Defendant's conscious and willful decision not to defend this action.  Consequently, this factor favors default judgment.

### 7.   Policy Favoring Decisions on the Merits

Defendant's default makes a decision on the merits impractical, if not impossible.  Under Rule 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action."  <u>PepsiCo., Inc.</u>, 238 F. Supp. 2d at

1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc.,
219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed.
R. Civ. P. 55(b) indicates that the seventh Eitel factor is not
alone dispositive").  Here, Defendant has failed to defend this
action and has consequently rendered adjudication on the merits
before this Court impracticable.  This factor does not preclude
the Court from entering default judgment against Defendant.

### 8.   Totality of Eitel Factors

The Court finds that the totality of the factors weigh
in favor of entering default judgment in Plaintiffs' favor and
against Defendant.

### C.   Remedies

Although Defendant's default establishes its liability,
it does not establish the amount of damages or other relief to
which Plaintiffs are entitled.  See Fair Hous. of Marin, 285 F.3d
at 906.  "In determining damages, the court can rely on the
declarations submitted by the plaintiff."  Philip Morris, 219
F.R.D. at 498.  Plaintiffs must provide evidence of their damages,
and the damages "must not differ in kind from, or exceed in
amount, what is demanded in the pleadings."  Fed. R. Civ. P.
54(c).  As noted above, Plaintiffs request that the Court award
$255,966.17 in damages, which Plaintiffs categorize as $64,075.67
in "repair damages" and $191,890.50 in "delay damages."  See ECF
No. 22-1 at 32-35.

The Court finds that Plaintiffs have sufficiently established that they are entitled to recover their requested damages. "The general rule is that in an action for damages for breach of contract only such damages can be recovered as are the natural and proximate consequence of its breach." Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 839 P.2d 10, 32-33 (Haw. 1992) (quoting Ferreira v. Honolulu Star-Bulletin, Ltd., 356 P.2d 651, 655, reh'g denied, 357 P.2d 112 (Haw. 1960)).

First, regarding repair damages, the documents submitted with Plaintiffs' Motion indicate that Plaintiffs paid $44,568.42 to their general contractor and $19,507.25 to Marblelife as a result of Defendant's failure to fabricate and supply travertine consistent with Defendant's contractual obligations and prior representations. See ECF Nos. 22-3 (Decl. of Leslie Leff), 22-4 (Decl. of Mei Li Leff), 22-9, 22-10, 22-13, 22-14.

Second, regarding delay damages, Plaintiffs' exhibits indicate that, as a result of three months of delay attributed to Defendant, Plaintiffs paid a total of $191,890.50 to Plaintiffs' general contractor for general conditions and unabsorbed home office overhead. See ECF Nos. 22-3, 22-4, 22-17, 22-18.

The Court finds that these additional costs were the natural and proximate result of Defendant's breach and that an award of $255,966.17 for repair and delay is commensurate with Plaintiffs' losses. See ECF No. 22-1 at 32. The natural and

23

proximate result of Defendant's failure to supply travertine consistent with its contract was that Plaintiffs would have to incur additional costs due to delay and to remedy the inconsistencies through repair.  Therefore, the Court finds that Plaintiffs are entitled to $255,966.17 in damages.

>        **D.    Attorneys' Fees**

>        Under Hawaii law, the court may award attorneys' fees to the prevailing party in any action in the nature of assumpsit, provided that the fees do not exceed twenty-five percent of the judgment.  See Haw. Rev. Stat. § 607-14.  "Assumpsit is a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations."  Au v. Funding Group, Inc., 933 F. Supp. 2d 1264, 1271 (D. Haw. Mar. 21, 2013).  Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation, which multiplies (1) the number of hours reasonably expended by (2) a reasonable hourly rate.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).  The lodestar amount may also be adjusted based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not been subsumed in the lodestar calculation.  See Fischer, 214 F.3d at 1119 (citation omitted).

>        Where an action involves tort claims as well as a claim

24

for breach of contract, the Court must apportion the award of attorneys' fees between the claims.  Id.  However, if apportionment would be impracticable because the various claims are inextricably linked to the breach of contract, then the Court may decline to apportion attorneys' fees between the claims.  Id. Here, Plaintiffs assert both breach of contract and tort claims. See ECF No. 1.  Plaintiffs' breach of contract and tort claims focus on the same allegations of Defendant's wrongful conduct. The Court finds that apportionment is not practicable because Plaintiffs' tort claims are inextricably linked to their contract claims.

Plaintiffs request $28,139.26 in attorneys' fees.  ECF No. 22-1 at 36.  First, regarding Plaintiffs' counsel's hourly rates, Plaintiffs request $250-$260 per hour for the work performed by Ms. Love, who was admitted to the Hawaii bar in 2006. ECF No. 22-2 ¶ 16.  Based on this Court's knowledge of the community's prevailing rates for attorneys with similar experience, the nature of the underlying litigation, and counsel's submissions, the Court finds that $250-$260 per hour is excessive and that $200 per hour is a reasonable hourly rate for Ms. Love. Plaintiffs also request $175 per hour for the work done by Ms. Toba, who was admitted to the bar in 2013.  Id. ¶ 13, 16.  Based on the information available to the Court, the Court finds that $195 per hour is excessive and reduces the rate to $150 per hour.

Finally, Plaintiffs request $85 per hour for the work done by Ms. Robbins, a paralegal, which the Court finds reasonable.   See id. ¶ 18.

Second, the Court finds that the hours requested by Plaintiffs' counsel must be reduced.  Regarding the 30.3 hours requested for work done between March 19, 2014 and May 30, 2014, it appears that this time was spent on negotiations with third parties not involved in this litigation and is therefore not compensable.  See ECF No. 22-21 at 1-2.  Regarding the 2.6 hours requested for clerical tasks, such as communications with the court, this time is also not compensable.  See Nicholas M. ex rel. Laura M. v. Dep't of Educ., Haw., Civ. No. 09-00162 HG-LEK, 2010 WL 234862, at *5 (D. Haw. Jan. 21, 2010) ("clerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate").  The Court finds that the remaining 58.3 hours requested for Ms. Love, 19.7 hours requested for Ms. Toba, and 1.0 hour requested for Ms. Robbins are reasonable and compensable.  The Court therefore finds that Plaintiffs' are entitled to $14,700.00[2] in attorneys' fees plus $692.66[3] in Hawaii General Excise Tax, which is within the twenty five percent limitation established by Hawaii Revised Statutes Section 607-14.

---

[2] (58.3 hours x $200 per hour) + (19.7 hours x $150 per hour) + (1 hour x $85 per hour) = $14,700.00.

[3] $14,700.00 x .04712 = $692.66

26

### E.  Costs

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  Courts may only tax the costs specified in 28 U.S.C. § 1920.  See Yasui v. Maui Elec. Co., Ltd., 78 F. Supp. 2d 1124, 1126 (D. Haw. 1999) (citing Alflex Corp. v. Underwriters Labs., Inc., 914 F.2d 175, 177 (9th Cir. 1990)).  Plaintiffs request $2,137.55 in costs related to this action.  ECF No. 22-1 at 37. The Court deducts $15.00 from Plaintiffs' requested costs related to the three charges for "Messenger Service - Delivery," because Plaintiffs have failed to provide any information regarding the deliveries.  The Court finds that the remaining $2,122.55[4] of Plaintiffs' requested costs are reasonable and should be allowed under Rule 54(d)(1).

CONCLUSION

The Court FINDS and RECOMMENDS that Plaintiff Leslie and Mei Li Leff's Motion for Default Judgment Against Defendant Bertozzi Felice di Giovanni Rovai & C. srl be GRANTED IN PART and DENIED IN PART as follows:

(1)  Default judgment be entered in Plaintiffs' favor and against Defendant as to all of Plaintiffs' claims;

---

[4] $2,137.55 - $15.00 = $2,122.55

(2) Plaintiffs be awarded damages of $255,966.17 against Defendant;

(3) Plaintiffs be awarded $14,700.00 in attorneys' fees plus $692.66 in Hawaii General Excise Tax;

(4) Plaintiffs be awarded $2,122.55 in costs.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, DECEMBER 29, 2015.



_____
Richard L. Puglisi
United States Magistrate Judge


**LEFF V. BERTOZZI FELICE DI GIOVANNI ROVAI & C. SRL; CIVIL NO. 15-00176 HG-RLP; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF LESLIE AND MEI LI LEFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT BERTOZZI FELICE DI GIOVANNI ROVAI & C. SRL**